IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANCES SANDOVAL, § | |
| Movant, § | |
| § | |
| v. § | No. 3:17-CV-866-N-BT |
| § | (No. 3:14-CR-20-N-1) |
| § | |
| UNITED STATES OF AMERICA § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Frances Sandoval, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny the motion.

I.

On March 10, 2015, pursuant to a plea agreement, Sandoval pleaded guilty to conspiracy to commit fraud in connection with immigration documents, and aggravated identity theft, in violation of 18 U.S.C. § 371, and § 1028A, respectively. (Crim. Docs. 224, 409).[1] The District Court sentenced Sandoval to 41 month's imprisonment for the conspiracy count and 24 month's imprisonment for the aggravated identity theft count, to run

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:14-CR-20-N-1 as "Crim. Doc."

1

consecutively, for a total sentence of 65 months. (Crim. Doc. 385). Sandoval filed a direct appeal, which the Fifth Circuit dismissed on June 21, 2016. *See United States v. Sandoval*, 653 F. App'x 245 (5th Cir. 2016). She did not file a petition for a writ of certiorari. (Doc. 1 at 3).

On March 27, 2017, Sandoval filed a § 2255 motion. (Doc. 1). In her motion, Sandoval argues that her attorney provided ineffective assistance at sentencing by "permit[ing] the government to offer no forensic proof of the numbers of documents alleged," failing to "adequately challenge" her role-related enhancement and failing to challenge an abuse-of-position-of-trust enhancement. (Doc. 1-1 at 7, 8-9, 10-12). She additionally alleges that her counsel provided ineffective assistance by failing to argue for a departure or variance based on her physical condition. (*Id.* at 14). Finally, Sandoval argues her appellate counsel was ineffective for "failing to advise her of a 'no merits' appeal and then filing an *Anders*[2] brief." (*Id.* at 17).

## II.

To succeed on a claim of ineffective assistance of counsel, a movant must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *see also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Secondly, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The movant must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### III.

Sandoval asserts that her counsel provided ineffective assistance at sentencing by failing "to adequately challenge the aggravating sentencing enhancements applied pursuant to [United States Sentencing Guidelines] U.S.S.G § 2L2.1(b)(2)(c), § 3B1.1(a), and § 3B1.3." (Doc. 1-1 at 6). Section 2L2.1(b)(2)(c) states that if the relevant immigration offense involved 100 or more documents/passports, increase the Offense Level by 9 levels. *See* U.S. Sentencing Guidelines Manual § 2L2.1(b)(2)(c) (U.S. Sentencing

3

Comm'n 2014). Sandoval argues that the Presentence Report (PSR) provided no further detail than to state that Sandoval "is being held responsible for 180 documents, which is more than 100 documents," and that her counsel was ineffective by allowing the government "to offer no forensic proof of the numbers of documents alleged in the PSR." (Doc. 1-1 at 7). The record reflects, however, that Sandoval's counsel objected to this enhancement in his written objections to the PSR. (*See* Crim. Doc. 344 at 5). In his objections, Sandoval's counsel stated,

> In Offense Level Computation, Count 1: Conspiracy to Defraud the United States, Base Offense Level, paragraph 54 states that the defendant should be held responsible for at least 180 documents. As noted above, this asserted figure is based upon conjecture and not articulable and verifiable calculation. Since the government has not provided relevant and competent evidence to meet the burden for the Court to consider the possible existence of 180 fraudulently produced immigration documents somehow associated with, or relevant to, Defendant Sandoval's offense conduct, there should be no nine level increase in the USSG calculations under §2L2.1(b)(2)(C).

*Id.* No change was made to the PSR as a result of counsel's objection, (*See* Crim. Doc. 352-1 at 2), and the District Court "adopt[ed] the factual contents of the presentence report and the addenda as [its] factual determination in connection with sentencing." (Crim Doc. 412 at 35). Because Sandoval fails to demonstrate that her counsel did not object to the sentence enhancement

4

pursuant to U.S.S.G. § 2L2.1(b)(2)(C), she fails to show that counsel's representation fell below an objective standard of reasonableness.

Furthermore, Sandoval fails to demonstrate that she was prejudiced by counsel's alleged deficient performance. As stated above, the District Court overruled counsel's objection and adopted the findings of the PSR. Sandoval fails to demonstrate a reasonable likelihood that any further argument on the issue at the sentencing hearing would have produced a different result. Additionally, she provides no evidence from the record to show that the number of documents provided in the PSR is incorrect. This conclusory claim fails to demonstrate counsel provided ineffective assistance. Sandoval has failed to "affirmatively prove, not just allege, prejudice." *Strickland*, 466 U. S. at 693.

Sandoval's claim with regard to U.S.S.G. § 3B1.1(a), and § 3B1.3 fails for the same reason. Section 3B1.1(a) states that "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase [the Offense Level] by 4 levels." *See* U.S. Sentencing Guidelines Manual § 3B1.1(a) (U.S. Sentencing Comm'n 2014). Section 3B1.3 calls for a 2-level increase "if the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." *See* U.S. Sentencing Guidelines Manual § 3B1.3 (U.S. Sentencing Comm'n 2014). Again, Sandoval's counsel objected in writing to the use of

5

both of these guidelines sections in the calculation of her Offense Level, (*see* Crim. Doc. 344 at 5-6); and, again no change was made to the PSR as a result of counsel's objection, (*see* Crim. Doc. 352-1 at 2-3) that was adopted by the District Court. (*See* Crim. Doc. 412 at 35). Thus, Sandoval fails to show that counsel's representation was objectively unreasonable. Sandoval attempts to bolster her claim of ineffective assistance with regard to § 3B1.1(a) (organizer or leader), by pointing out that the psychologist who examined her, labeled her crime as "unsophisticated." (*See* Doc. 1-1 at 8). However, sophistication is not a requirement in determining if a defendant qualifies as an organizer or leader for purposes of applying this offense level increase. *See* U.S. Sentencing Guidelines Manual § 3B1.1(a) (U.S. Sentencing Comm'n 2014).

And because Sandoval again fails to demonstrate a reasonable likelihood that any further discussion of these guidelines sections at the sentencing hearing would have produced a different result, she fails to demonstrate that she was prejudiced by counsel's alleged deficient performance. She claims that,

> Absent counsel's ineffectiveness, and considering the Court's two-level variance for Ms. Sandoval's community service, it is reasonable to believe that one or more of these enhancements could have successfully mitigated her advisory guideline range anywhere from two to as much as six levels, which would have generated an advisory guideline of level twenty-two (22) to level eighteen (18). With the downward variance applied, Ms. Sandoval

6

> could have been facing a sentencing range of twenty-one (21) to forty-one (41) months. When coupled with the mandatory twenty-four (24) consecutive months from Count II, she could have been sentenced as low as forty-five (45) months in the aggregate.

Doc. 1-1 at 13. Her claim of prejudice is conclusory and fails to demonstrate counsel provided ineffective assistance. Sandoval's claims have again failed to "affirmatively prove" prejudice." *Strickland*, 466 U. S. at 693.

Next, Sandoval claims her counsel provided ineffective assistance by "fail[ing] to argue in mitigation for a departure or variance based on U.S.S.G. § 5H1.4 (Physical Conditions)." D0c. 1-1 at 14. Specifically, she states that her "physical and mental impairments could have supported consideration for an additional sentence departure or variance below the guideline range" but "her attorney completely failed to make the argument at sentencing or offer anything of substance on the topic." *Id.* She then states that her "mental health issues . . . merited mitigating argument by counsel at sentencing." *Id.* at 14-15.

Section 5H1.4 of the sentencing guidelines states that a physical condition or appearance may warrant a departure, "if the condition or appearance . . . is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. An extraordinary physical impairment may be a reason to depart downward." *See* U.S. Sentencing Guidelines Manual § 5H1.4 (U.S. Sentencing Comm'n 2014). The text of this

7

guideline section implies that only the most severe conditions will warrant a departure. In fact, as Sandoval recognized in her memorandum, (*see* Doc. 1-1 at 15), the Fifth Circuit has held that a defendant suffering from cancer in remission, high blood pressure, a fused right ankle, an amputated left leg, and drug dependency did not justify a section 5H1.4 downward departure. *See United States v. Guajardo*, 950 F.2d 203, 208 (5th Cir. 1991).

Although Sandoval does not identify the specific physical or mental conditions for which she believes a downward departure was justified, the PSR identified her medical impairments as diabetes, high blood pressure, high cholesterol, gout, neuropathy, plantar fasciitis, and minor heart palpitations. (*See* Crim. Doc. 314-1 at 21). Sandoval reports that she has medications to control her physical medical conditions. (*Id.*) The PSR additionally stated Sandoval was receiving weekly "mental health treatment." (*Id.*)

While Sandoval's counsel did not specifically request a downward departure pursuant to U.S.S.G. § 5H1.4, he did submit a sentencing memorandum that discussed her mental and physical conditions and requested "a sentence less than that proposed in the presentence report." (*See* Crim. Doc. 354 at 1-2, 4-5). He additionally submitted reports and documents from medical and psychological professionals who attended to Sandoval. (*See* Crim. Doc. 354-1; 354-12; 354-13; 354-14; 354-15; 354-16; 354-17). At sentencing, Sandoval's counsel had her evaluating psychologist

testify regarding Sandoval's medical conditions, medications and early-onset dementia. (*See* Crim. Doc. 412 at 5-6). Finally, at sentencing, Sandoval's counsel requested that the Court consider "her present mental and physical state" and argued that "[i]mprisonment is going to be a hardship for her at her age and her physical condition that will not be for, not only the other defendants in this case, but for most defendants." (*Id.* at 31). Counsel then requested Sandoval be sentenced to "home confinement." (*Id.*).

Although Sandoval's counsel did not specifically request a downward departure pursuant to U.S.S.G. § 5H1.4, on the record before the Court, Sandoval does not show she was prejudiced by this. She fails to show that had counsel presented further evidence or argument regarding her physical or mental condition, her sentence would have been different. As evidence of prejudice, Sandoval states summarily that the Court "had already considered Ms. Sandoval's contributions to her community and noted it as the reason for the two-point variance, thus paving the way for additional mitigating argument based on her well-documented physical and mental conditions. Because of this negligence, Sandoval seeks a finding of ineffective assistance of counsel." (Doc. 1-1 at 17). The record shows however that the Court granted a downward variance due to Sandoval's "history of community service *as well as the other factors identified by [her counsel]*." (Crim. Doc. 412 at 35) (emphasis added). But the Court stated that "probation or home

9

confinement is just totally unrealistic," (*id.* at 34), and that Sandoval's criminal conduct "span[ned] decades, [and] not only defrauded the United States government, it turned most of her family into felons. And I just don't think you can look past that." (*Id.* at 35). In light of the District Court's explanation, Sandoval fails to affirmatively prove that her sentence would have been lower had her counsel specifically requested a departure pursuant to U.S.S.G. § 5H1.4. She has failed to demonstrate prejudice. Thus, this claim fails. *Strickland*, 466 U. S. at 693.

Finally, Sandoval argues that her retained appellate counsel provided ineffective assistance by filing an *Anders* brief without first consulting with her. (*See* Doc. 1-1 at 17-18). A counsel's performance on appeal is judged under the two-prong *Strickland* test. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Id.* at 1043. "Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Id.* To demonstrate prejudice, a petitioner must "show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001) (citations omitted). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim . . . it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Here, Sandoval fails to demonstrate she was prejudiced by her appellate counsel's action. She identifies no issue on appeal that her counsel should have, but failed to raise. She states only that if her "retained appellate attorney believed that she would not prevail on direct appeal, that did not absolve him of his duty or obligation as a reasonable attorney to research relevant facts and law and inform her of those findings." (Doc. 1-1 at 20). But Sandoval has failed show a reasonable probability that but for her appellate counsel actions, she would have prevailed on appeal. Thus, her claim is insufficient to demonstrate her appellate counsel provided ineffective assistance. *Briseno*, 274 F.3d at 207.

## IV.

Sandoval requests an evidentiary hearing. (*See* Doc. 1-1 at 21). She contends that a hearing is necessary "in order for this Court to make necessary credibility determinations these allegations require, and which are currently not part of the record," (Doc. 6 at 8), and "for this Court to ascertain exactly what duty, if any, Ms. Sandoval's retained appellate attorney owed." (*Id.* at 10). Sandoval is not entitled to an evidentiary hearing, however. "When the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also Unites States v. Cervantes*, 132 F.3d 1106, 1111 (movant was not entitled to an evidentiary hearing because he did not meet his burden of

11

proof under section 2255). Accordingly, because Sandoval's claims lack merit for the reasons stated above, no evidentiary hearing is required in this section 2255 proceeding.

V.

The Court should deny the § 2255 motion for failure to make a substantial showing of the denial of a federal right.

Signed October 15, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).